# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC, | : | No.: 4:17-CV-0570 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| PERMANENT EASEMENT FOR 1.41 ACRES AND TEMPORARY EASEMENTS FOR 1.74 ACRES IN RALPHO TOWNSHIP, NORTHUMBERLAND COUNTY, PA, TAX PARCEL NUMBER 040-00-059-014-A, 2050 READING TURNPIKE, ELYSBURG, PA 17824, A/K/A RR1, BOX 249, RALPHO TOWNSHIP, NORTHUMBERLAND COUNTY, PA, ALL UNKNOWN OWNERS, AND KEVIN BRIAN MEKOSH | : | |
| Defendants. | | |

## MEMORANDUM OPINION

### MAY 18, 2017

**I.   BACKGROUND**

On March 30, 2017, Plaintiff, Transcontinental Gas Pipe Line Company, LLC, hereinafter "Transco," filed a complaint in condemnation pursuant to Federal Rule of Civil Procedure 71.1 and the Natural Gas Act, 15 U.S.C. § 717. Previously, on February 3, 2017, the Federal Energy Regulatory Commission, hereinafter

1

"FERC," granted Transco a certificate of public convenience and necessity. Transco filed suit after proving unable to negotiate the amount of compensation to be paid for the right-of-way with the Defendants in order to construct, operate and maintain a pipeline for the Atlantic Sunrise Project; construct new and make modifications to existing, compressor stations; construct new and make modifications to existing, meter stations; make modifications to existing regulator stations; and make modifications to existing mainline valve locations in South Carolina, North Carolina, Virginia, Maryland, and, as largely relevant here, 199.5 miles through Pennsylvania.[1]

On April 14, 2017, Transco filed a motion for partial summary judgment.[2] A brief opposing the motion was due May 5, 2017. Although Defendants have retained counsel who filed an answer to the complaint, no brief opposing the motion has been filed. Middle District Local Rule 7.6 states that any party who fails to file a timely opposing brief "shall be deemed not to oppose such motion." Consequently, Plaintiff's motion is granted both procedurally, as it is unopposed, and substantively, because I hold that Plaintiff has the substantive right to condemn the subject property.

---

[1] 15 U.S.C.A. § 717f (h)
[2] ECF No. 5.

## II. DISCUSSSION

### a. Partial Summary Judgment will be granted in Transco's favor.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] A fact is "material" where it "might affect the outcome of the suit under the governing law."[4] A dispute is "genuine" where "the evidence is such that a reasonable jury," giving credence to the evidence favoring the nonmovant and making all inferences in the nonmovant's favor, "could return a verdict for the nonmoving party."[5]

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.[6] The moving party may satisfy this burden by either (i) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (ii) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.[7]

Where the moving party's motion is properly supported, the nonmoving party, to avoid summary judgment in his opponent's favor, must answer by setting

---

[3] Fed. R. Civ. P. 56(a).
[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[5] *Id*.
[6] *In re Bressman*, 327 F.3d 229, 237 (3d Cir. 2003) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).
[7] *Id*. at 331.

forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[8] For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed must" be supported by "materials in the record" that go beyond mere allegations, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[9]

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'"[10] Furthermore, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[11]

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.[12] Credibility determinations are

---

[8] *Anderson*, 477 U.S. at 250.
[9] Fed. R. Civ. P. 56(c)(1); *see also Anderson*, 477 U.S. at 248–50.
[10] *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003).
[11] Fed. R. Civ. P. 56(e)(2).
[12] *Anderson*, 477 U.S. at 249.

4

the province of the factfinder, not the district court.[13] Although the court may consider any materials in the record, it need only consider those materials cited.[14]

With that standard of review in mind, Section 717f(h) of the Natural Gas Act grants the right of eminent domain for construction of pipelines, as follows:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: *Provided,* That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

"To condemn the easements at issue, [the gas company] must demonstrate (1) it holds a FERC certificate of public convenience and necessity; (2) the rights-of-way to be condemned are necessary for the construction, operation, and maintenance of the pipeline; and (3) it has been unable to acquire the proposed rights-of-way from

---

[13] *BWM, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).
[14] Fed. R. Civ. P. 56(c)(3).

5

the landowner."[15] "[A] certificate of public convenience and necessity [therefore] gives its holder the ability to obtain automatically the necessary right of way through eminent domain, with the only open issue being the compensation the landowner defendant will receive in return for the easement."[16]

In the case at bar, I find that there is no genuine issue of material fact as to the three conditions precedent. FERC has issued a certificate of public convenience and necessity to Transco, a natural gas company as defined by the Natural Gas Act 15 U.S.C. § 717a(6). The rights-of-way to be condemned are necessary for the construction, operation, and maintenance of the pipeline. "By issuing the Certificate [of public necessity] to [Plaintiff], FERC has determined that the Subject Property is necessary to the operation of the Pipeline[; t]his determination cannot be challenged by Defendants."[17] Finally, despite its attempts through good-faith negotiations, Transco has been unable to acquire the proposed

---

[15] *Columbia Gas Transmission, LLC v. An Easement To Construct,* No. CV 16-1243, 2017 WL 544596, at *3 (W.D. Pa. Feb. 9, 2017)

[16] *Columbia Gas Transmission, LLC v. 1.01 Acres, More or Less in Penn Tp., York County, Pa., et. al*, 768 F.3d 300, 304 (3d Cir. 2014).

[17] *WBI Energy Transmission, Inc*., No. CV 14-130-BLG-SPW, 2017 WL 532281, at *3 (D. Mont. Feb. 8, 2017) *citing Williston Basin Interstate Pipeline Company v. Property Interests Located in Carbon County*, M*ontana*, 2010 WL 5104991 (D. Mont. 2010) ("By issuing the Certificate of Public Convenience and Necessity under the Natural Gas Act, FERC has already determined that Defendants' property interests are necessary. Defendants have not offered any arguments to the contrary, and even if they did, such arguments would be an improper collateral attack on the FERC certificate."); *Williams Natural Gas Co. v. City of Oklahoma City* 890 F.2d 255, 262 (10th Cir. 1989); *Kansas Pipeline Co. v. 200 Foot by 250 Foot Piece of Land*, 210 F.Supp.2d 1253, 1256 (D. Kan. 2002) ("Once the holder of a FERC certificate of public convenience and necessity asks a district court to enforce its right to condemn, the findings of the FERC certificate are treated as conclusive.").

rights-of-way from the landowner.  Accordingly, partial summary judgment will be entered in favor of Transco.

## III. CONCLUSION

An Order will issue this date granting Plaintiff's Motion for Partial Summary Judgment.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge